**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 22-1295

———————————

KAYVAN KAROON; KS CAPITAL MANAGEMENT, INC.,
                                   Appellants

v.

NATIONAL SECURITIES CORPORATION

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:21-cv-16568)
District Judge: Honorable Susan D. Wigenton

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 10, 2023

Before: SHWARTZ, BIBAS, and AMBRO, *Circuit Judges*

(Filed: March 13, 2023)

———————————

OPINION[*]

———————————

BIBAS, *Circuit Judge*.

   Kayvan Karoon and his company, KS Capital Management, broker investments and

advise clients on their finances. In 2012, they joined National Securities Corporation, a

broker-dealer. When their relationship soured, they filed an arbitral claim against National

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

for delaying securities trades, tacking on extra fees, and lying about Karoon to his clients. The arbitration panel ruled for National, and the District Court declined to vacate the arbitral award. We review the District Court's findings of fact for clear error and its legal conclusions de novo. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 947–49 (1995). We will affirm.

Our review of arbitral awards is narrow. We may not overturn them without proof of corruption, fraud, undue influence, "evident partiality," misconduct (such as refusing to hear relevant evidence or to postpone a hearing for good cause), or abuse of power. 9 U.S.C. §10(a).

Karoon and KS cannot clear this high bar. Though they now challenge the selection of one arbitrator, they waived that objection. The rules of FINRA (the Financial Industry Regulatory Authority) require a three-arbitrator panel to comprise two public arbitrators (those who have not worked in the securities industry) and one non-public arbitrator. FINRA Rules 13100(r), (x), 13402(b). In 2017, FINRA sent the parties a list of arbitrators, and they chose three. Over the next three years, Karoon and KS asked for and got three postponements. In 2020, one of the public arbitrators withdrew, and FINRA replaced her with Leslie Nydick. The 2017 list of arbitrators had classified her as a public arbitrator, but an attachment to the 2020 letter correctly listed her past work in the securities industry. Although Karoon and KS got this information before the hearing, they did not object until after they lost. That was too late. *Goldman, Sachs & Co. v. Athena Venture Partners*, 803 F.3d 144, 150 (3d Cir. 2015).

Karoon and KS also object that the arbitrators must have been biased. "Evident partiality is strong language and requires proof of circumstances powerfully suggestive of bias." *Kaplan v. First Options of Chi., Inc.*, 19 F.3d 1503, 1523 n.30 (3d Cir. 1994) (internal quotation marks omitted), *aff'd*, 514 U.S. 938 (1995); *see* 9 U.S.C. §10(a)(2). Yet they have none. They allege only that the panel charged them fees for the three adjournments that they themselves asked for, split the $200 fee for one of their successful motions to compel, and declined to impose sanctions on National. But FINRA's rules do not mandate certain fee allocations or sanctions. Instead, the rules leave these matters to arbitrators' discretion. *See* FINRA Rules 13214(c)(1), (3), 13902(c), 13511. And Karoon and KS have not explained why the arbitrators' conclusions were unreasonable, let alone powerfully suggestive of bias. So we will affirm the District Court's refusal to vacate the arbitral award.